IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM L. FULTZ, JR, )
    Plaintiff, )
)
v. ) 2:13-cv-543
)
COMMISSIONER OF )
SOCIAL SECURITY, )
    Defendant. )


MEMORANDUM and ORDER

Mitchell, M.J.:

    Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (ECF 13) will be denied, the defendant's motion (ECF 15) will be granted and the decision of the Commissioner will be affirmed.

    On May 5, 2013, William L. Fultz, Jr., by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

    The instant application for Supplemental Security Income Benefits was filed on April 22, 2009 and December 9, 2009 (R.139-146). On August 24, 2009 and March 10, 2010, benefits were denied (R.104-113). On May 27, 2010, the plaintiff requested a hearing (R.114-115) and pursuant to that request a hearing was held on June 16, 2011 (R.66-99). In a decision filed on August 12, 2011, an Administrative Law Judge denied benefits (R.19-36), and on September 9, 2011, the plaintiff requested reconsideration of that determination (R.18). On February 22, 2013,

the Appeals Council affirmed the prior determination (R.1-3). The instant complaint was filed on May 5, 2013.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of
> any medically determinable physical or mental impairment
> which can be expected to result in death or which has lasted or
> can be expected to last for a continuous period of not less than 12
> months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State
> plan approved under title XIV or XVI of the Social Security Act,
> as in effect for October 1972; (b) ... received aid under the State
> plan ... for the month of December 1973 and for at least one
> month prior to July 1973; and (c) ... continue[s] to be disabled as
> defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or
> psychological abnormalities which [are demonstrated] by
> medically acceptable clinical and laboratory diagnostic
> techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on June 16, 2011 (R.66-99), the plaintiff appeared with counsel (R.68) and testified that he was born on December 12, 1976 (R.70); that he graduated from high school and completed a year and a half of college (R.70); that he can read and perform simple math (R.71) and that he worked as a fast food cook, for a mortgage company and as a carpet installer (R.75,88).

The plaintiff also testified that he cannot work due to back problems (R.71); that he experiences constant back pain but does not take any medication for this condition although he does take medication for muscle spasms (R.71,77,83,84); that he also suffers from depression, anxiety and is bipolar (R.72); that he cannot deal with stress (R.73); that he experiences

3

difficulty getting along with people and experiences panic attacks around people (R.82,91); that he experiences feelings of hopelessness (R.83); that he sees a therapist monthly (R.87) that he recently suffered an alcohol and drug relapse (R.73); that he performs limited household chores (R.79); that he has difficulty sleeping (R.81); that he can walk about a block, and sit or stand for about twenty minutes (R.81) and that he has been advised not to lift more than five pounds (R.90).

At the hearing a vocational expert was called upon to testify (R.92-98). She classified the plaintiff's prior work as very heavy exertional work of an unskilled nature (R.93). When asked to assume a 34 year old individual who could perform light work and not deal with the public and have only minimal interaction with peers and supervisors and be able to cope with unexpected stress, the witness indicated that such an individual could not perform the plaintiff's prior work (R.94-95) but she did identify a number of positions such an individual could perform which did not involve performance quotas, permitted a sit/stand option and involved minimal interaction with others (R.95-97). However, she also testified that if the individual had to be off task frequently he could not be gainfully employed (R.98).

In addition, certain other evidence was considered.

The plaintiff received out-patient treatment at UPMC South Side between July 30, 2005 and January 30, 2009 for a sore throat, chest pain and an old T-10 fracture (R.240-246).

The plaintiff was evaluated on July 28, 2009 by Dr. Nosratollah Danai who diagnosed muscle spasms in the lumbosacral and thoracic spinal area and depression. A mental health follow-up was recommended (R.247-253).

In a report of a residual functional capacity evaluation completed on August 17, 2009, Dr. Gail Schas stated that the plaintiff could occasionally lift fifty pounds, frequently lift twenty-five pounds and stand, walk or sit for about six hours (R.254-260).

In a report of a clinical psychological evaluation conducted on August 20, 2009, T. David Newman, Ph.D. diagnosed a mild depressive disorder (R.261-265).

In a report of a mental residual functional capacity assessment completed on August 21, 2009, Arlene Rattan, Ph.D. diagnosed a depressive disorder. Any limitations were no more than moderate in nature (R.269-282).

The plaintiff was treated at the Allegheny Correctional Health Services between August 2, 2009 and September 25, 2009 where a bipolar disorder was noted (R.283-298).

A spinal MRI performed on January 12, 2010 revealed an old T-10 compression fracture (R.299-300).

The plaintiff attended physical/occupational therapy between December 2, 2009 and January 20, 2010. He missed a number of appointments (R.301-325).

The plaintiff was treated between January 11, 2010 and February 1, 2010 by Dr. Thomas Kramer for thoracic spinal pain. He concluded that the plaintiff's condition was disabling and recommended that he attend a pain clinic (R.326-329).

The plaintiff was treated at the Center for Rehabilitation Services between December 2, 2009 and February 3, 2010 for a thoracic compression fracture (R.582-605).

The plaintiff attended Mercy Behavioral Health between June 3, 2008 and February 8, 2010. A history of alcohol, cocaine and marijuana abuse was noted as a well as depression. Group therapy was provided (R.330-518).

In a report of a residual mental health assessment completed on March 4, 2010, Sandra Banks, Ph.D. diagnosed a mood, bipolar and personality disorder with either no or only moderate limitations (R.519-535).

In a residual physical assessment completed on March 10, 2010, Dr. Gail Schas observed that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds and stand, walk or sit for about six hours (R.536-542).

The plaintiff was hospitalized on October 22, 2010 and a closed reduction of a nasal fracture was performed (R.714-721).

The plaintiff was hospitalized from November 11, 2010 through November 15, 2010 for a T-10 neuroplasty (R.711-713, 722-725).

The plaintiff was treated at the UPMC department of neurosurgery between November 3, 2010 and December 15, 2010 for his old T-10 fracture. A kyphoplasty was performed (R.734-742).

The plaintiff was treated at Preferred Primary Care Physicians between January 26, 2011 and June 1, 2011 for atypical chest pain, dyspnea, back pain, GERD, obesity, a skin lesion, smoking, anxiety/depression and hypertension (R.743-765).

The plaintiff was treated at the Ploucha Chiropractic Center between December 15, 2010 and February 17, 2011 for mild L5-S1 degenerative disease (R.561-581).

The plaintiff was treated at Southside Hospital between March 8, 2010 and March 3, 2011 for back problems. Physical therapy was recommended as well as injections (R.543-560).

The plaintiff was treated at the Mercy Behavioral Health Clinic between March 2, 2010 and March 16, 2011 where he participated in individual and group therapy and medication was prescribed (R.606-657).

The plaintiff was hospitalized at UPMC Mercy Hospital from March 18, 2011 through March 22, 2011 for alcohol and cocaine abuse and suicidal thoughts. A diagnosis of depression and hypertension was made. Following his initial discharge he was treated later in the day for a superficial stab wound (R.766-779).

The plaintiff had a back pain evaluation performed on April 7, 2011. A TENS unit, physical therapy, pain psychology and pain rehabilitation program were recommended (R.726-733).

The plaintiff was treated at Western Psychiatric Institute between December 24, 2010 and May 23, 2011 following a suicide and homicide threat while intoxicated. He received follow-up therapy and medication (R.658-709, 780-796).

The plaintiff received trauma counseling on February 2, March 2 and June 23, 2011 relating to his October 2010 assault (R.804).

In a mental residual functional capacity evaluation of a June 27, 2011 meeting, Dr. Sharron Allen diagnosed poor concentration, anxiety and depression. The prognosis was good with continued treatment (R.797-802).

The plaintiff received counseling, treatment and medication at Western Psychiatric Hospital between June 27, 2011 and July 11, 2011 (R.805-815).

Based on the evidence presented, the Commissioner determined:

> The claimant has the following severe impairments: degenerative disc disease, history of thoracic compression fracture, major depressive disorder, alcohol and drug abuse and obesity…
>
> The record establishes mental impairment which satisfies diagnostic listing criteria for depressive disorders resulting in mild functional limitations impacting activities of daily living; mild impact on social functioning; mild deficiencies of concentration, persistence, and pace; and have produced no episodes of decompensation, each of extended duration. The record does not establish mental impairment which satisfies diagnostic listing criteria for affective disorder of at

7

least two years' duration which has caused more than minimal limitation of ability to do any basic work activity with symptoms or signs currently attenuated by medication or psychosocial support, and (1) repeated episodes of decompensation, each of extended duration; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, or (3) a current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement. Thus, it is concluded that mental impairment does not rise to listing-level severity inasmuch as it does not result in functional limitations which satisfy either the "B" or "C" criteria of the Listings…

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined … however, he is limited to lifting and carrying no more than 20 pounds; no pushing and pulling in his lower extremities; occasional bending, stooping, squatting, climbing, balancing; no exposures to temperatures extremes or vibration. Further, he must not deal directly with the public; can have no more than minimal interaction with peers and supervisors; cannot make complex decisions such as sorting work priorities; cannot adapt to frequent changes in a work setting such as new procedures; and cannot cope with stress in emergency situations such as unexpected workloads…

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

***

Considering the totality of the … documentary evidence and related testimony, it fully appears that, in the instant case, objective signs and clinical findings indicate a higher level of functioning than that alleged by the claimant at the hearing. The claimant alleges that <u>all</u> significant gainful activity is precluded because of impairments. Although the claimant may suffer from some limitations due to a combination of physical and mental impairments, the claimant's testimony is not construed to mean that his limitations are so severe that he cannot engage in any work activity. This is inconsistent with the objective medical evidence, treatment regimen, and the evaluations of various examining and treating medical sources…

Viewing the totality of circumstances, little in the documentary evidence suggests that the severity, frequency, and duration of physical discomfort are as persistent, intrusive, or progressive as the claimant alleged. Although the claimant has sought and received some treatment for his back pain symptoms, review of the documentary evidence suggests that the claimant's alleged symptoms and

functional limitations are not supported by the claimant's actual physical condition. The medical records show that the claimant was diagnosed with a history of thoracic compression fracture and mild degenerative disc changes. There is no evidence of impairment which would preclude all work activity since functioning is generally within normal limits despite some symptoms of pain… Further, the claimant's treatment has generally been conservative in nature and there have not been any frequent hospitalizations, emergency room visits, outpatient visits or extensive surgical treatment of this condition…

It also appears that claimant has a longstanding history of depression and alcohol and substance dependence and abuse with few sustained periods of sobriety; however, it fully appears that [the] claimant is capable of functioning well enough [to] make his bed, do light housework, vacuum, sweep, mop, watch television, walk, grocery shop, carry groceries, visit friends, use public transportation, prepare meals, do laundry, pay bills, go to movies, take his children out to [] eat, go to the park, handle his checkbook and care for his personal needs with some assistance needed in putting on his socks and actively seek employment. Such a wide array of activities is indicative of a greater level of functioning than that described by the claimant at the hearing.

From a psychological perspective, there is no evidence of impairment which would preclude all work activity since mental functioning is generally within normal limits despite some symptoms of depression and anxiety… In fact, the claimant admitted that with medication, his mood improved and his anxiety decreased…

Although the claimant has not had many periods of sobriety in recent years, it is reasonable to conclude that, based on his overall functioning and ability to respond well to treatment during the short periods during which has been free of drugs and alcohol … claimant appears to be intelligent, articulate, and has demonstrated good insight …

Section 105 of Public Law 104-121 … provides that individuals for whom drug addiction and/or alcohol is a contributing factor material to the determination that they are disabled are not eligible for or entitled to disability benefits…

In the present case alcohol and substance abuse are issues, and I find that the claimant's mental impairments are intertwined with episodic alcohol and drug abuse, but that a finding of "material" is not appropriate since the claimant's condition cannot be considered disabling in any case…

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate… (R.24-35).

The evidence discloses that the plaintiff suffers from an old thoracic compression fracture. After examining the medical evidence the Commissioner concluded that his alleged symptoms were exaggerated and this conclusion appears to be well founded. In addition, determinations of credibility rest with the Commissioner, <u>Diaz v. Commissioner</u>, 577 F.3d 500, 506 (3d Cir.2009), and her conclusion again appears to be supported by substantial evidence.

The plaintiff also contends that he suffers from a mental impairment. Again, the Commissioner concluded that his allegations were not completely credible and this conclusion too is supported by the record.

Finally, there is available evidence that the plaintiff suffers from frequent episodes of drug and alcohol abuse. While the Commissioner concluded that she need not make a determination of the impact of these conditions because there was insufficient support in the record to conclude that the plaintiff was disabled, if in fact these conditions are "material" factors then they must be considered in reaching a disability conclusion. However, these conditions are properly disregarded here for there is no basis upon which to conclude that the plaintiff is disabled.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. <u>Lichtenstein v. UPMC</u>, 691 F.3d 294, 300 (3d Cir.2012). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

                                                    s/ Robert C. Mitchell
                                                    United States Magistrate Judge

ORDER

AND NOW, this 10th day of October, 2013, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the plaintiff's Motion for Summary Judgment (ECF 13) is DENIED; the defendant's Motion for Summary Judgment (ECF 16) is GRANTED, and the decision of the Commissioner is AFFIRMED.

                                                      s/ Robert C. Mitchell
                                                     United States Magistrate Judge